UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

FRANK D'ANGELO,

                      Plaintiff,                    1:19-CV-00221-LJV-MJR

                                                    ORDER

          v.

CITY OF LOCKPORT,
THE LOCKPORT POLICE DEPT.,
PO THOMAS J. VENNE,

                      Defendants.

_____

          This case has been referred to the undersigned by the Hon. Lawrence J. Vilardo

pursuant to 28 U.S.C. §636(b)(1) to supervise all pre-trial matters and to hear and report

upon dispositive motions. (Dkt. No. 5). Before the Court is defendants' motion for

attorney's fees (Dkt. No. 51). For the following reasons, said application is granted in part.

## BACKGROUND

          Plaintiff Frank D'Angelo ("plaintiff"), who is currently incarcerated and acting *pro
se*, brought this action against defendant Thomas J. Venne, a police officer employed by

the Lockport Police Department, the Lockport Police Department, and the City of Lockport

(collectively "defendants") based on alleged violations of state law and plaintiff's

constitutional rights. (Dkt. No. 1-2). Plaintiff alleges that, on October 17, 2017, he fell

asleep in parked car after visiting a friend's residence in Lockport, New York. (*Id.*, ¶¶ 27-

28). Plaintiff alleges he was awoken by Officer Venne's knock at his window, and in the

minutes that followed, he was "brutally assaulted" by Venne in an unprovoked attack. (*Id.*,

¶¶ 29-40). From this incident plaintiff asserts causes of action based on (1) use of

excessive force; (2) assault; (3) battery; (4) intentional infliction of emotional distress; (5) negligent infliction of emotional distress; and (5) negligent hiring, training, and supervision. (*Id.*, ¶¶ 44-82). The case was removed to district court by defendants based on original jurisdiction over plaintiff's 42 U.S.C. § 1983 claims and supplemental jurisdiction over his state law claims. (Dkt. No. 1).

## MOTION TO COMPEL and FEE APPLICATION

On January 12, 2021, defendants brought a motion to compel pursuant to Rule 37 of the Federal Rules of Civil Procedure. (Dkt. No. 41). Defendants requested an order compelling plaintiff Frank D'Angelo ("plaintiff") to provide full and complete responses to outstanding discovery demands.[1] (*Id.*). More specifically, defendants sought plaintiff's supplemental responses to their Second Set of Interrogatories, served on October 12, 2020, and plaintiff's execution of authorizations for release of health information from several of his health care providers. (*Id.*, ¶ 8). Defendants affirmed that prior to bringing the motion they made several good faith attempts to identify and obtain the outstanding discovery deficiencies from plaintiff. (*Id.*, ¶¶ 8-13). In response from plaintiff, they received only incomplete medical authorizations on or about December 23, 2020. (*Id.*, ¶ 10).

Plaintiff was given a deadline of February 12, 2021 to file a response to the motion to compel. He did not provide any timely opposition to the motion. On February 19, 2021, defendants filed a reply declaration confirming that no response was filed. (Dkt. No. 43). Defendants further advised that, although they had received a letter from plaintiff on

---

[1] The Court notes that this is the second motion to compel brought against plaintiff. (*See* Dkt. No. 14.) Defendants filed their first motion on August 13, 2019 after plaintiff failed to respond to certain discovery demands. At that time, plaintiff was represented by counsel and the motion was later dismissed as moot based on counsel's representations that responses would be provided. Defendants submit that those requests were never fulfilled, as plaintiff's counsel ultimately withdrew from the case. (Dkt. No. 41-1, ¶¶ 5-6). As indicated above, plaintiff now proceeds *pro se*.

February 8, 2021 regarding the outstanding discovery demands, plaintiff had still failed to respond to the Second Set of Interrogatories. (*Id.*).[2]

By text order of February 22, 2021, the Court granted defendants' motion to compel. (Dkt. No. 44). On March 4, 2021, plaintiff filed a letter stating that he intended to comply with the requests in the motion to compel. (Dkt. No. 48). The Court issued a further Order on March 10, 2021 directing plaintiff to comply with the outstanding discovery demands (*i.e.*, to complete his interrogatory responses and to properly execute specified medical authorizations) within twenty days. (Dkt. No. 49). The Order also required plaintiff to pay defendants' reasonable expenses incurred in making this motion, including attorney's fees, pursuant to Fed. R. Civ. P. 37(a)(5)(A). (*Id.*).

On March 29, 2021, defendants filed the instant motion seeking an award of $2,095.50 in attorney's fees incurred in connection with its motion to compel. (Dkt. No. 51). On April 23, 2021, plaintiff filed a letter responding to the fee application. (Dkt. No. 54). In relevant parts of his March 4, 2021 and April 23, 2021 letters, plaintiff submits that: (1) he intended to properly sign the medical records authorizations and answer all inquiries from the defendants; (2) some statements made by the defendants were inaccurate; (3) defendants changed their requests regarding the medical authorizations; (4) he complied with each request to the best of his ability as a *pro se* litigant; and (5) he objects to defendants' requested fee award of approximately $2,000.00. (Dkt. Nos. 48; 54).

---

[2] Defendants also advised that one of plaintiff's medical providers required additional portions of the authorization to be completed before medical records could be released. (Dkt. No. 43). Based upon this, defendants had already asked plaintiff to execute new authorizations to comply with the provider's specification. (*Id.*). To the extent plaintiff might not provide the appropriate authorization(s), defendants requested that he be compelled to provide same within 20 days. (*Id.*).

3

## DISCUSSION

A party may move for an order compelling disclosure or discovery from another person or party failing to make such disclosure or discovery. Fed. R. Civ. P. 37(a)(1). Prior to bringing a motion, the movant must have in good faith conferred or attempted to confer with the party in an effort to obtain such discovery without court action. *Id.* If a motion to compel is granted, or if disclosure or requested discovery is provided after filing, the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion [...] to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A).

The court must not order such payment of expenses if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an aware of expenses unjust. *Id.* Thus, unless some special circumstance exists, the losing party can avoid paying expenses only if his or her actions were substantially justified. *Coleman v. Dydula*, 175 F.R.D. 177, 180 (W.D.N.Y. 1997). Indeed, an award of expenses under Rule 37(a)(5)(A) is mandatory unless one of the three exceptions applies. *Wager v. G4S Secure Integration, LLC*, 19-CV-03547, 2021 U.S. Dist. LEXIS 16448, at *10 (S.D.N.Y. Jan 28, 2021) (citation omitted). Once a motion to compel is granted, the losing party bears the burden to show that an exception applies to avoid Rule 37(a)(5)(A)'s fee-shifting mandate. *Id.* at *11. Nonetheless, the imposition of Rule 37(a)(5) sanctions for failure to comply with discovery demands must be weighed in light of the full record. *Alliance Indus. v. Longyear Holding,*

*Inc.*, 08-CV-490, 2010 U.S. Dist. LEXIS 108544, at *11 (W.D.N.Y. Oct. 12, 2010) (citation omitted).

Here, defendants' motion to compel was granted and, pursuant to Rule 37(a)(5)(A), the Court previously required plaintiff to pay defendants' reasonable expenses, including attorney's fees, incurred in connection with the motion to compel. (Dkt. No. 49, pg. 2). Defendants now move for an order awarding them $2,095.50 in attorney fees and costs payable by plaintiff.

"The district court retains discretion to determine…what constitutes a reasonable fee." *Millea v. Metro-North R.R.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 757 (2d Cir 1998)). The traditional starting point for determining a reasonable attorney's fee is the "lodestar" amount, which results in a presumptively reasonable fee. *Trs. of the Mosaic & Terrazzo Welfare, Pension, Annuity, & Vacation Funds v. Elite Terrazzo Flooring, Inc.*, 18-CV-1471, 2020 U.S. Dist. LEXIS 30374, at *28 (E.D.N.Y. Feb. 20, 2020) (citing *Perdue v. Kenny A.*, 559 U.S. 542, 551-52 (2010)). The lodestar amount is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *See Millea*, 658 F.3d at 166. The court first applies the lodestar method to determine the amount of attorney's fees to award before adjusting, if necessary, the resulting lodestar figure to reflect consideration of any special circumstances. *Hinterberger v. Catholic Health Sys.*, 08-CV-00380, 2013 U.S. Dist. LEXIS 73142, at *11-12 (W.D.N.Y. May 21, 2013); *see also Millea*, 658 F.3d at 167 ("A district court may adjust the lodestar when it 'does not adequately take into account a factor that may properly be considered in determining a reasonable fee.'").

Defendants' counsel submits a declaration in support of their fee application which details the time expended for legal work necessitated by the motion to compel. (Dkt. No. 51-1). Redacted invoices exhibited in the declaration indicate 12.90 billable hours were expended by Webster Szanyi, LLP, the firm representing defendants. (Dkt. No. 51-2). The invoices reflect 8.7 hours billed at an hourly rate of $195.00, plus 4.2 hours billed at an hourly rate of $95.00 (presumably for work performed by a paralegal), for total fees in the amount of $2,095.50. (*Id.*). Those hours include time spent drafting letters to plaintiff regarding the deficient authorizations, filing and defending the motion to compel, and requesting an extension of the scheduling order necessitated by the outstanding discovery. (*Id.*). In this Court's experience, both the hourly rates charged and the hours billed by defendants are reasonable. *See generally McLaughlin v. IDT Energy*, 14-CV-4107, 2018 U.S. Dist. LEXIS 128347, at *49, 53 (E.D.N.Y. July 30, 2018) (citations omitted) (explaining that reasonable hourly rates should be based on the rate prevailing in the community for similar services of lawyers of comparable skill, experience, and reputation, and that reasonable hours billed should be based on the Court's inquiry into whether the number of hours were usefully and reasonably expended). Thus, the presumptively reasonable award of expenses is $2,095.50.

However, the Court has identified several factors which constitute special circumstances in this matter. First, the Court recognizes plaintiff's *pro se* status and his representation to the Court that he has "complied to every thing to the best of [his] ability."[3]

---

[3] Plaintiff also represents to the Court that he has faced "interference" and "harassment" at the correctional facility where he is incarcerated. He alleges that his legal mail has been read, photocopied, and withheld from him since unspecified parties learned that his civil case involves a police officer. (Dkt. No. 48, pg. 2). To the extent plaintiff may be pointing out typical or atypical delays in incoming or outgoing mail at the facility where he is housed, the Court recognizes that a certain amount of delay in plaintiff's responses *may* be attributable to those conditions. However, plaintiff must address any concerns of

(Dkt. No. 54, pg. 1). Although a litigant's *pro se* status does not relieve him of his obligation to provide complete and truthful responses to discovery requests, *see Interscope Records v. Barbosa*, 05-CV-5864, 2006 U.S. Dist. LEXIS 94210, at *5-6 (E.D.N.Y. Dec. 29, 2006), there is evidence that plaintiff's *pro se* status is relevant here. S*ee Ottoson v. SMBC Leasing & Fin., Inc.*, 13-CV-1521, 2021 U.S. Dist. LEXIS 41711, at *9-10 (finding it necessary to consider plaintiff's *pro se* and indigent status in evaluating whether a fee award under Rule 37(a)(5) would be unjust). Plaintiff has, at least arguably, attempted to comply with defendants' request for medical authorizations. In his March 4, 2021 letter to the Court, plaintiff stated that he had received the motion to compel and was having the papers signed and notarized as soon as possible. (Dkt. No. 48, pg. 2). He further explained that he believes he has been doing what was asked of him by completing the medical release and authorization forms as directed by defendants. (Dkt. No. 54, pg. 1). The record shows that the medical authorizations sought had rather particular specifications, including signatures, notarizations, and initials on subparts of the form, which appear to have caused confusion to plaintiff. However, defendants have provided evidence of plaintiff's repeated failure to provide timely or complete responses to their written requests and plaintiff has provided no explanation for not supplementing his answers to defendants' interrogatories.

The Court has further taken into consideration plaintiff's status as an incarcerated person and his presumably limited financial means. Under similar circumstances, courts have found it appropriate to reduce the award of attorney fees and impose a lesser sanction on a party with financial hardship. *See Woodward v. Holtzman*, 329 F.R.D. 16,

---

delays or interference with his mail with the facility directly and he is cautioned not to rely on unsupported allegations to relieve his affirmative obligation to prosecute this case.

24 (W.D.N.Y. 2018) ("Considering Plaintiff's likely limited financial circumstances as an incarcerated person the court declines [...] to award Defendants' reasonable attorneys fees in connection with Defendants' motion [to compel], and instead finds that the appropriate sanction in this case is a penalty of $500 to be paid by Plaintiff as partial reimbursement to Defendants' attorney [...] for such expenses."); *Interscope Records v. Barbosa*, 2006 U.S. Dist. LEXIS 94210, at *9 (reducing plaintiffs' request of $2,860 for expenses caused by defendant's discovery violations to an award of $200 in monetary sanctions based on special circumstances of defendant and her conduct). In fact, this Court and others have sometimes declined to impose any sanction at all. *See Smith v. Fischer*, 13-CV-6127, 2019 U.S. Dist. LEXIS 168755, at *5-6 (Sept. 30, 2019) (finding it unjust to award attorney's fees to movants on a successful motion to compel because awarding over $1,000 in attorney fees would place an unreasonable burden upon plaintiff, who was proceeding *pro se* and *in forma pauperis*); *Jayne v. Bosenko*, 2:08-CV-02767, 2014 U.S. Dist. LEXIS 84363, at *6 (E.D. Cal. June 19, 2014) (declining to impose sanctions under Rule 37(a)(5) against a *pro se* prisoner proceeding *in forma pauperis* because doing so would be unjust).

Here, the Court finds it would be unjust to award over $2,000.00 in attorney fees to defendants and instead finds it appropriate to award fees to defendants in the amount of $100.00. The Court has determined that this amount represents a reasonable balance between the sanction necessary for plaintiff's failure to comply with his discovery obligations and the Court's concern of placing an undue burden on plaintiff.

**CONCLUSION**

For these reasons, defendants' application for fees (Dkt. No. 51) is granted in part and defendants are awarded $100.00 in attorney fees and costs payable by plaintiff as partial reimbursement of expenses incurred in connection with the motion to compel. Plaintiff is further warned that his failure to participate in discovery or otherwise obey future court orders may result in additional sanctions, up to and including possible dismissal of this case with prejudice.

**SO ORDERED**.

Dated:  November 2, 2021
        Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge

9