UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FRANK D'ANGELO,

        Plaintiff,

    v.                                                    19-CV-221-LJV-MJR
                                                        DECISION & ORDER

CITY OF LOCKPORT, *et al.*,

        Defendants.

---

        On January 11, 2019, the plaintiff, Frank D'Angelo, commenced this action under 42 U.S.C. § 1983 and New York State common law.[1]  Docket Item 1-1.  He alleges that he was assaulted and seriously injured by Lockport Police Officer Thomas J. Venne when Venne arrested him on October 17, 2017.  Docket Item 1-2 at ¶¶ 36-42.  Based on that alleged assault, D'Angelo asserts claims against Venne, the City of Lockport, and the Lockport Police Department.  *Id.* at ¶¶ 44-82.

        On March 29, 2019, this Court referred the case to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).  Docket Item 5.  On February 10, 2023, the defendants moved under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings and dismissal of D'Angelo's claims.[2]  Docket Items 92 and 92-7.  On March 21, 2023, D'Angelo responded, Docket Item 98, and on April 4, 2023, the defendants replied, Docket Item 99.

---

[1] D'Angelo commenced the case in New York State Supreme Court, Niagara County.  Docket Item 1-1.  On February 21, 2019, the defendants removed the case to this Court.  Docket Item 1.

[2] The defendants asked in the alternative for bifurcation of D'Angelo's municipal liability claim under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).  Docket Item 92-7.  Because of the disposition of the *Monell* claim

On July 14, 2023, Judge Roemer issued a Report and Recommendation ("R&R") finding that the defendants' motion should be granted in part and denied in part. Docket Item 101. More specifically, Judge Roemer recommended granting the defendants' motion to dismiss (1) D'Angelo's *Monell* claim; (2) his state law claims for negligent hiring, training, and supervision; negligent infliction of emotional distress; and intentional infliction of emotional distress; and (3) all of his claims against the Lockport Police Department. *Id.* at 22. But Judge Roemer recommended denying the motion to dismiss (1) D'Angelo's section 1983 excessive force claim against Venne and (2) D'Angelo's state law claims for assault and battery against Venne and the City of Lockport. *Id.*

On August 14, 2023, the defendants objected to the recommended denial of their motion to dismiss D'Angelo's state law assault and battery claims. Docket Item 104 at 4. On August 29, 2023, D'Angelo responded to the objections, Docket Item 106, and on September 5, 2023, the defendants replied, Docket Item 107. Neither side objected to Judge Roemer's recommendation that this Court dismiss D'Angelo's claims for intentional and negligent infliction of emotional distress or for punitive damages; all of D'Angelo's claims against the Lockport Police Department; or his claim against the City of Lockport for negligent hiring and supervision. *See* Docket Item 104 at 4 ("The [d]efendants have no objection to the granting of their motion in part."); Docket Item 106 (D'Angelo's response to defendants' objections raising no objections of his own). Nor did either side contest Judge Roemer's recommendation that D'Angelo's section 1983 excessive force claim against Officer Venne be allowed to proceed. *See* Docket Item

---

discussed below, this Court—like Judge Roemer—need not and does not address that request. *See* Docket Item 101 at 11 n.7.

2

104 (objecting only to Judge Roemer's failure to dismiss D'Angelo's assault and battery claims); Docket Item 106 (failing to raise any objections to the R&R).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

This Court has carefully and thoroughly reviewed the R&R; the record in this case; the objections, response, and reply; and the materials submitted to Judge Roemer. Although the Court is not obligated to review Judge Roemer's unchallenged recommendations, it nevertheless has done so in its discretion. Based on that review and the absence of any objections, the Court accepts and adopts those unchallenged recommendations. Moreover, based on its *de novo* review, the Court also accepts and adopts Judge Roemer's recommendation to deny the motion to dismiss D'Angelo's assault and battery claims.

In sum, and for the reasons that follow, the Court adopts in its entirety Judge Roemer's recommendation to grant in part and deny in part the defendants' motion.

## **LEGAL PRINCIPLES**

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed . . . a party may move for judgment on the pleadings" as long as the motion is made "early enough not to delay trial." Fed. R. Civ. P. 12(c). In deciding such motions,

3

the Court must consider "the complaint, the answer, any written documents attached to them, and any matter of which the [C]ourt can take judicial notice for the factual background of the case."[3]  *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009).

    The principles that govern motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) apply with equal force to Rule 12(c) motions.  *L-7 Designs*, 647 F.3d at 429 ("In deciding a Rule 12(c) motion, we employ the same standard applicable to dismissals pursuant to Rule 12(b)(6)." (alterations, citation, and internal quotation marks omitted)).  Thus, the Court accepts as true "all factual allegations" of the non-moving party and "draw[s] all reasonable inferences" in that party's favor.  *Id.* at 429.  At the same time, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Therefore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.* (citation and internal quotation marks omitted).

---

[3] A complaint is "deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint."  *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (citations and internal quotation marks omitted).  But "[i]f . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).

## **DISCUSSION**[4]

### I.     BACKGROUND AND PROCEDURAL HISTORY

The myriad claims raised in this case all stem from a single encounter between D'Angelo and the Lockport Police in the autumn of 2017.  The amended complaint alleges that on October 17, 2017, D'Angelo was sleeping in his legally parked car when Officer Venne woke him up by tapping on his window.  Docket Item 1-2 at ¶¶ 27-30.  D'Angelo alleges that Officer Venne then, without provocation, "brutally assaulted" him—that is, "punched" him, "tased" him, and "hit" him with "a hard black object believed to be [Venne's] police flashlight."  Docket Item 1-2 at ¶¶ 36-37.  Based on that encounter, D'Angelo asserts claims against Venne, the Lockport Police Department, and the City of Lockport for excessive force, assault, battery, intentional infliction of emotional distress, and negligent infliction of emotional distress.  Docket Item 1-2 at ¶¶ 44-73.  He also asserts a claim against the Lockport Police Department and the City of Lockport for negligent hiring, training, and supervision.  Docket Item 1-2 at ¶¶ 74-82.  For the reasons already discussed, only the defendants' motion to dismiss the assault and battery claims will be addressed in this decision.

### II.    ASSAULT AND BATTERY CLAIMS

Judge Roemer found that D'Angelo's state law assault and battery claims against Venne and the City of Lockport were timely under New York General Municipal Law

---

[4] The Court assumes the reader's familiarity with the facts alleged in the amended complaint, *see* Docket Item 1-2, and with Judge Roemer's analysis in the R&R, *see* Docket Item 101.  This decision will refer to the underlying facts only as necessary.

§ 50-i and should be allowed to proceed.  Docket Item 101 at 16.  In their objections to the R&R, the defendants "maintain their position" that the amended complaint asserts these claims "against only Officer Venne in his individual capacity."  Docket Item 104 at 5.  They also contend that Judge Roemer failed to correctly "apply the one-year statute of limitations to [the plaintiff's] assault and battery claims against Officer Venne in his individual capacity."  *Id.* at 4.  This Court agrees with Judge Roemer on both issues.

### A. Claims Against Lockport

As an initial matter, the Court rejects the argument that D'Angelo asserted assault and battery claims only against Venne and not against the City of Lockport.  On the contrary, D'Angelo contends that Venne carried out his tortious actions "in the course of his employment," Docket Item 1-2 at ¶ 8, and he explicitly asserts his claims for assault and battery "against all defendants," *id.* at 9-10.[5]  Therefore, the Court agrees with Judge Roemer that the amended complaint raises common law assault and battery claims against Officer Venne and against the City of Lockport on the theory of *respondeat superior*.[6]  Docket Item 101, at 15; *see Colon v. City of Rochester*, 419 F.

---

[5] The amended complaint is not without ambiguity; in its final pages, D'Angelo demands judgment on the assault and battery claims "in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction *against the individual [d]efendants in their individual capacities*."  Docket Item 1-2 at 14 (emphasis added).  But while that suggests that D'Angelo seeks damages for assault and battery only from the individual defendants, it does not and cannot change what D'Angelo explicitly alleges elsewhere in the complaint.  And that is especially true in light of the Court's obligation, on a motion for judgment on the pleadings, to "accept all factual allegations in the complaint as true and draw all reasonable inferences in [the plaintiff's] favor."  *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009).

[6] Municipalities may not be held liable under section 1983 for the constitutional violations of their employees based on a theory of *respondeat superior*.  *Monell*, 436 U.S. at 691.  But the same limitation does not apply to suits brought under New York tort law.  *Lepore v. Town of Greenburgh*, 120 A.D.3d 1202, 1204, 992 N.Y.S.2d 329 (2d Dep't 2014) ("Unlike cases commenced under 42 U.S.C. § 1983, municipalities may be

Supp. 3d 586, 603 (W.D.N.Y. 2019) ("The law in New York is well established that a New York municipal employer is liable for intentional torts, such as assault and battery, committed by its employees provided that the tort is committed within the scope of the plaintiff's employment." (alterations, citation, and internal quotation marks omitted)).

### B. Timeliness

As noted above, the encounter between D'Angelo and Venne occurred on October 17, 2017. Docket Item 1-2 at ¶ 27; Docket Item 101 at 1. D'Angelo did not file suit until January 11, 2019—one year and 86 days later. *Id.* at 11. The parties agree on that. *Id.* But they disagree about which statutory provisions control the filing period for assault and battery claims against municipalities and their employees and therefore about whether this lawsuit is timely.

### 1. Statutory Framework for Claims Against Municipalities

Two different sections of New York State law could set limits on the filing of tort claims like the one here. The New York Civil Practice Law and Rules (C.P.L.R.) provide that "an action to recover damages for assault [and] battery" must "be commenced within one year." N.Y. C.P.L.R. § 215(3). Venne and the City of Lockport argue that this section governs this case, rendering D'Angelo's assault and battery claims 86 days late. But another state statute, the General Municipal Law, provides a separate mechanism for bringing tort claims against municipalities. *See* N.Y. Gen. Mun. Law

---

liable, under the doctrine of *respondeat superior*, for the common law torts, such as false arrest, malicious prosecution, assault, and battery, committed by their employees.") (italics added).

§ 50-i.  Subject to certain notice requirements detailed in General Municipal Law § 50-e, a plaintiff may maintain an

> action or special proceeding against a city, county, town, village, fire district or school district for personal injury, wrongful death or damage to real or personal property alleged to have been sustained by reason of the negligence or wrongful act of such city, county, town, village, fire district or school district or of any officer, agent or employee thereof . . . [if such action is] commenced within one year and ninety days after the happening of the event upon which the claim is based [ . . .].

N.Y. Gen. Mun. Law § 50-i.  D'Angelo argues that General Municipal Law § 50-i—not C.P.L.R § 215(3)—controls here.

The complaint asserts that D'Angelo complied with the notice requirements of the General Municipal Law by serving a notice of claim on the City of Lockport on January 10, 2018.  Docket 1-2 at ¶¶ 10, 24.  The defendants have not challenged the adequacy of the notice provided for the assault and battery claims.  Docket Item 92-7 at 13 (arguing that some of D'Angelo's state law claims—but not his claims for assault and battery—were insufficiently described in the notice of claim sent to the City of Lockport). So the question can be stated very simply:  Does the New York statute applying to intentional tort claims or the New York statute applying to claims against a municipality govern an intentional tort claim against a municipality and its employee?

Both sides have a colorable basis in case law for their preferred provisions.  In fact, "New York federal and state courts have applied the statute of limitations for intentional torts against a municipality with conflicting results." *Lieber v. Vill. of Spring Valley*, 40 F. Supp. 2d 525, 533 (S.D.N.Y. 1999) (collecting cases).  And Judge Roemer recognized that there is "conflicting authority" on this issue.  Docket Item 101 at 14.  But

8

he nonetheless determined that the plaintiff had the better of the argument, *id.,* and this Court agrees.

A plain reading of section 50-i supports that conclusion. The statute states that "[t]his section shall be applicable notwithstanding any inconsistent provisions of law, general, special or local, or any limitation contained in the provisions of any city charter." N.Y. Gen. Mun. Law § 50-i(2). Based on that language, New York courts have recognized that in a contest between the two sections, the General Municipal Law must, by its own terms, win out. *See Ruggiero v. Phillips*, 292 A.D.2d 41, 44, 739 N.Y.S.2d 797, 799-800 (4th Dep't 2002) ("[W]ith respect to an action against a municipality, General Municipal Law § 50-i(1)(c) takes precedence over the one-year period of limitations provided for in C.P.L.R. § 215[.]" (citations and internal quotations omitted)); *Szerlip v. Finnegan*, 77 Misc. 2d 655, 657, 354 N.Y.S.2d 555, 557-58 (Sup. Ct. Orange Cnty. 1974), *aff'd*, 47 A.D.2d 603, 365 N.Y.S.2d 1016 (2d Dep't 1975) ("Since subdivision 2 of section 50-i of the General Municipal Law explicitly provides that it shall be applicable notwithstanding any inconsistent provision of law, there is no question that its provisions supersede the shorter period of limitations provided by C.P.L.R. § 215 and that this action was timely instituted."); *Wright v. City of Newburgh*, 259 A.D.2d 485, 486, 686 N.Y.S.2d 74, 74-75 (2d Dep't 1999) (holding that section 50-i "takes precedence" over C.P.L.R. § 215(3) and overruling several of its previous decisions "[t]o the extent [they] . . . may be read to the contrary"). Even *Lieber*, which recognized the conflicting authority on the question, found that the clear statutory language largely obviated the issue. *Lieber*, 40 F.Supp.2d at 534 ("While recognizing the decisions that hold otherwise, this Court finds that in light of the language . . . that specifically states

9

that it overrides inconsistent provisions of law . . . the one[-]year[-]and[-]ninety[-]day limitations period applies to Lieber's claims for intentional infliction of emotional distress and assault and battery.").[7]

In fact, several of the cases that have applied the one-year C.P.L.R. statute of limitations to intentional tort claims against municipalities did so without even discussing the parallel provisions of the General Municipal Law. *See, e.g.*, *Zeng v. Chell*, 2022 WL 624873, at *9 (S.D.N.Y. 2022 Mar. 1, 2022); *Casaccia v. City of Rochester*, 2019 WL 3816561, at *7 (W.D.N.Y. Aug. 14, 2019); *Middleton v. United States*, 2012 WL 394559, at *3 (E.D.N.Y. Feb. 7, 2012). The defendants cite some of those decisions in support of their argument that Judge Roemer misapplied section 50-i in his R&R. Docket 104 at 7 (citing *Zeng* and *Casaccia*). But those cases *at most* stand for the proposition that section 215(3) *can* govern such claims—not that it takes precedence over section 50-i when a plaintiff invokes the latter and properly files a notice of claim under section 50-e.

In sum, this Court agrees with Judge Roemer that the one-year-and-ninety-day limitations period in New York General Municipal Law § 50-i governs D'Angelo's assault and battery claims against the City of Lockport.[8]

---

[7] In the omitted phrase, the case cites section 37-a, but the Court assumes this to be a typo; it is clear from the context that section 50-i is the provision to which the opinion intended to refer.

[8] The defendants apparently concede that if the amended complaint is read as bringing assault and battery claims against the City of Lockport and Venne in his official capacity—as the Court reads it here—those claims would be governed by section 50-i and thus could proceed. *See* Docket Item 104 at 7 n.5.

10

### 2. Claims Against Individual Defendants

Whether section 50-i governs D'Angelo's claim against Venne individually is a closer question. But given the balance of the case law, this Court holds that it does.

New York courts have struggled with this question. *See Niles v. City of Oneida*, 2009 WL 799971, at *4 (N.D.N.Y. Mar. 25, 2009) (stating that "[t]he difficulty" in this area of law "stems from the issue of whether or not the statute of limitations provided in [section 50-i] applies to intentional tort claims against a municipal employee."). But the Second Circuit and other courts have found that such claims are within the ambit of section 50-i, at least in contexts akin to the one at issue here. *See Rentas v. Ruffin*, 816 F.3d 214, 226 (2d Cir. 2016); *Conte v. Cnty. of Nassau*, 596 F. App'x 1, 5 (2d Cir. 2014); *Ruggiero v. Phillips*, 292 A.D.2d 41, 44, 739 N.Y.S.2d 797, 799-800 (4th Dep't 2002).

In *Ruggiero v. Phillips,* for example, the plaintiff brought a libel action against the Village of Ilion and one of its police officers. *Id.* at 42, 739 N.Y.S.2d at 797. As in the case at bar, the parties disputed whether the intentional tort claim was governed by the one-year period in C.P.L.R. § 215(3) or the one-year-and-ninety-day period in General Municipal Law § 50-i. *Id.* at 43-44, 739 N.Y.S.2d at 798-99. The Fourth Department found that the latter clearly governed the claims against the Village based on the explicit language in section 50-i(2). *Id.* at 44, 739 N.Y.S.2d at 799. And—more relevant to the specific question here—the court went on to find that the General Municipal Law also applied to the claim against the individual police officer as long as the officer was "acting in the performance of his duties and within the scope of his employment when he committed the alleged tort . . . ." *Id.*, 739 N.Y.S.2d at 799-800. The court reasoned that if the officer acted in this way, the Village was required to indemnify him, so that the

11

municipality—and not the officer—was the "real party in interest." *Id.* at 44, 739 N.Y.S.2d at 800. Because the municipality was financially on the hook, the provisions of the General Municipal Law applied even though the officer was sued in his individual capacity. *Id.* at 45, 739 N.Y.S.2d at 800.

The Second Circuit reached the same conclusion in *Rentas v. Ruffin*, a case in which the plaintiff sued New York City and various city officials for, among other things, the intentional infliction of emotional distress. *Rentas*, 816 F.3d at 219. The court found that New York General Municipal Law § 50-i governed the intentional tort claim and upheld a jury verdict against all the defendants, who had been sued in their official and individual capacities. *Id.* at 219-20, 226; Brief for Appellees and Appellee-Cross-Appellant Ruffin, *Rentas v. Ruffin*, 816 F.3d 214 (Nos. 14-2475(L) and 14-2512), 2015 WL 493775 (stating that all defendants were sued in their individual and official capacities). Citing *Ruggiero*, the court stated that when "a plaintiff sues the City (*or an individual whom the City must indemnify*), a one-year-and-90-day statute of limitations applies." *Rentas*, 816 F.3d at 226 (emphasis added).

Still other cases—both state and federal—have employed similar reasoning. *See Conte*, 596 F. App'x at 5 ("New York courts have held that the one-year-and-ninety-day statute of limitations applies to claims not only against municipalities themselves, but also against 'any officer, agent, or employee thereof,' Gen. Mun. Law § 50-i(1), if the municipality is required to indemnify the defendant pursuant to the General Municipal Law or any other statutory provision and is therefore 'the real party in interest.'" (quoting *Ruggiero*, 292 A.D.2d at 41; 739 N.W.S.2d at 799-800)); *Niles*, 2009 WL 799971, at *5 ("Though the above-mentioned statutory language does not settle the dispute, it does

12

provide the Court with adequate guidance to conclude that, when an employee is acting within the scope and duty of his employment, the statute of limitations provided for in [s]ection 50-i governs the claim."); *Clark v. City of Ithaca*, 235 A.D.2d 746, 747, 652 N.Y.S.2d 819, 821 (3d Dep't 1997) ("In any action against a police officer where General Municipal Law § 50-j(1) is applicable, it is to be commenced pursuant to the provisions of General Municipal Law § 50-i. . . . Only where a finding is made that the police officer's acts were clearly not within the scope of employment is the one-year Statute of Limitations of C.P.L.R. § 215(3) applicable."); *Tumminello v. City of New York*, 212 A.D.2d 434, 435, 622 N.Y.S.2d 714, 715 (1st Dep't 1995) (finding that section 50-i did not govern a claim against a public officer who was clearly acting *outside* the scope of his employment).

To be sure, there are cases that hold otherwise. In two recent decisions, the Eastern District of New York ruled that the statute of limitations period in General Municipal Law § 50-i does not apply to claims "against municipal defendants in their individual capacities." *McKeever v. Singas*, 2022 WL 4095558, at *5 n.10 (E.D.N.Y. Sept. 7, 2022); *Linell v. New York City Dep't of Educ.*, 2017 WL 880853, at *3 (E.D.N.Y. Mar. 3, 2017). Notably, however, neither decision cited the controlling Second Circuit precedent in *Rentas*. In fact, *Linell* cited no cases to support its conclusion that "General Municipal Law § 50-i only governs claims against school districts," *id.* at *3, and *McKeever* cited only *Linell*, *McKeever*, 2022 WL 4095558, at *5 n.10.

In their objections to the R&R, the defendants cite *Wierzbic v. County of Erie*, 2018 WL 550521 (W.D.N.Y. Jan. 25, 2018), which held that section 50-i "governs only claims against municipal corporations and their employees in their official

13

capacities . . . ." *Id.* at *9; Docket Item 104 at 6-7. The defendants argue that *Wierzbic*—which was decided *after Rentas*—clarifies that the relevant question is whether a tort claim is brought against an employee of a municipality in an official or individual capacity. *Id.* But contrary to the defendants' argument, *Wierzbic* does not carve out an exception to *Rentas*; in fact, *Wierzbic* does not even cite *Rentas*. *Wierzbic*, 2018 WL 550521 at *1-*14. Instead, the only support *Wierzbic* provides for its interpretation of General Municipal Law § 50-i is a citation to *Conte*. *Wierzbic*, 2018 WL at *9. And as already noted, *Conte* holds that the relevant distinction is not whether a suit is brought against a municipal employee in an individual or official capacity; rather, it is whether the municipality is required to indemnify the individual officer.[9] *Conte*, 596 F. App'x at *5.

### 3. Application to this Case

Given the legal conclusions reached above, all that remains is to determine whether D'Angelo's complaint states claims against Lockport and Venne sufficient to survive a motion to dismiss. In asserting a cause of action against "all defendants" for assault and battery, D'Angelo alleges—specifically and with considerable detail—how Officer Venne "brutally assaulted" and "beat" him in the course of an arrest. Docket Item 1-2 at ¶¶ 36-42. D'Angelo says that when his hands were raised "in a surrender posture . . . V[enne] punched him directly in the face for no reason"; he says that Venne

---

[9] *Carter v. Broome* County, 394 F. Supp.3d 228 (N.D.N.Y. 2019), which the defendants cite in a footnote to support their position is likewise inapposite. Docket Item 104 at 7 n.4. As in *Conte*, the distinction drawn there was between torts committed by employees acting within the scope of their employment versus those committed by employees acting outside that scope. *Carter*, 394 F. Supp.3d at 247.

also struck him with "a hard black object believed to be [Venne's] police flashlight," tased him, and beat him even after he had fallen to the ground. Id. at ¶¶ 37-40. And he says that "each of the acts" of Officer Venne was "performed in the course of [Venne's] employment" with the City of Lockport. Id. at ¶¶ 8, 56, 62.

The Court need not and does not decide whether Venne was in fact acting within the scope of his employment and thus whether the City of Lockport is obliged to indemnify him. As the Second Circuit has recognized, "[t]he obligation to indemnify in turn depends upon the resolution of the fact-sensitive question of whether the employees were acting within the scope of their employment in committing the alleged tortious acts." Conte, 596 F. App'x at *5 (quoting Int'l Shared Servs. v. Cnty. of Nassau, 222 A.D.2d 407, 408, 634 N.Y.S.2d 722, 724 (2d Dep't 1995) (alterations omitted)). Nonetheless, construing the allegations in the complaint as true, L-7 Designs, 647 F.3d at 429, the Court finds that D'Angelo has sufficiently pleaded a claim against Venne and the City of Lockport for assault and battery. Likewise, the Courts finds that D'Angelo has plausibly alleged that Venne was acting in the scope of his employment; that if the allegations are accepted as true, the City of Lockport may be responsible for indemnifying Venne; and that the limitations period in General Municipal Law § 50-i would therefore apply. Accordingly, the defendants' motion for judgment on the pleadings on the assault and battery claims is denied.

## **CONCLUSION**

For the reasons stated above and in the R&R, Docket Item 101, the defendants' motion for judgment on the pleadings, Docket Item 92, is GRANTED in part and DENIED in part. D'Angelo's Monell claim and his state law claims for negligent infliction

of emotional distress; intentional infliction of emotional distress; and negligent hiring, training, and supervision are dismissed. All claims against the Lockport Police Department are dismissed as well. But D'Angelo's section 1983 excessive force claim against Officer Venne and his common law assault and battery claims against Officer Venne and the City of Lockport may proceed.

The Clerk of the Court shall remove the Lockport Police Department as a defendant, and the case is referred back to Judge Roemer for further proceedings consistent with the referral order of March 29, 2019, Docket Item 5.

SO ORDERED.

Dated:   October 16, 2023
         Buffalo, New York

                                              */s/ Lawrence J. Vilardo*
                                              LAWRENCE J. VILARDO
                                              UNITED STATES DISTRICT JUDGE